IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN GRONEFELD, CLYDE BOOKOUT, *and* MICHAEL HEADRICK, *each on behalf of himself and all others similarly situated*, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | 5:16-CV-55 |
| INTEGRATED PRODUCTION SERVICES, INC., | § § § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiffs' Second Motion for Conditional Certification, For Disclosure of Contact Information, and to Send Notices (Dkt. 12), Defendant's Motion for Limited Stay of Adjudication (Dkt. 17), and the responsive pleadings thereto. Considering the pleadings, the applicable law, and the factual record, the Court issues the following order.

**BACKGROUND**

Defendant Integrated Production Services, Inc. ("IPS") is a Texas company providing products and services in the oil and gas industry throughout the United States. (Pls.' Second Mot. Cond. Certification, Dkt. 12, at 4). Plaintiffs are former Equipment Operators and Field Supervisors for IPS. (*Id.* at 3). They were paid a salary, but IPS "did not pay an extra premium to Plaintiffs . . . for work in excess of forty hours per week." (First Am. Compl., Dkt. 11, ¶ 31). Plaintiffs allege such a failure violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 – 19.

Plaintiffs have moved for conditional certification, seeking to certify a class of "[a]ll of Defendant's former and current Equipment Operators and/or Field Supervisors (or similar positions) who worked at any time after January 20, 2013." (Pls.' Second Mot. Cond. Certification, Dkt. 12, at 2).

IPS has responded to Plaintiffs' motion. In addition, IPS has moved for a stay of adjudication pending its filing a motion for summary judgment. (Def.'s Mot. Limited Stay, Dkt. 17). By way of the motion, IPS informs the Court that it will "present a motion for summary judgment urging Plaintiffs are exempt from the requirements of the [FLSA]." (*Id.* at 1). In light of its intention to file a motion for summary judgment, it asks the Court to stay proceedings in order to "permit the parties 90 days to conduct issue-focused discovery to support presentation of the FLSA exemption issue" and to give the Court time to consider the motion. (*Id.*).

The parties have briefed the motions and the issues are ripe for determination.

**STANDARD OF REVIEW**

An employee can bring an action for violating the overtime provisions of the FLSA either individually or as a collective action on behalf of herself and "other employees similarly situated." 29 U.S.C. § 216(b). When brought as a collective action, the plaintiff may seek "conditional class certification" from the court, which permits the plaintiff to "send[ ] [a] court-approved written notice to employees, who in turn become parties to [the] collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, —— U.S. ——, 133 S. Ct. 1523, 1527 (2013) (citations omitted).

Although the Fifth Circuit has declined to adopt a specific test to determine when a court should conditionally certify a class, the majority of courts within this circuit have adopted the two-stage approach articulated in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See, e.g.*, *Vanzzini v. Action Meat Distribs., Inc.*, 995 F. Supp. 2d 703, 719 (S.D. Tex. 2014) (following *Lusardi*); *Mateos v. Select Energy Servs., LLC*, 997 F. Supp. 2d 640, 643 (W.D. Tex. 2013) (same); *Tice v. AOC Senior Home Health Corp.*, 826

F. Supp. 2d 990, 994 (E.D. Tex. 2011) (same); *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011) (same).

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1216 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). If the court finds that the putative class members are similarly situated, then conditional certification is warranted and the plaintiff will be given the opportunity to send notice to potential class members. *Id.* After the class members have opted in and discovery is complete, the defendant may then file a decertification motion—the second stage of the *Lusardi* approach—asking the court to reassess whether the class members are similarly situated. *Mooney*, 54 F.3d at 1214. At that point the Court will fully evaluate the merits of the class certification.

## ANALYSIS

### a. IPS's Motion to Stay

IPS moves to stay the Court's adjudication of Plaintiffs' motion for conditional certification on the basis that it intends to file a motion for summary judgment. IPS's intended summary judgment would target the individual named Plaintiffs' claims. (*see* Def.'s Resp. in Opposition to Mot. Cond. Certification, Dkt. 16, at 7 ("Substantial evidence exists that the named Plaintiffs were exempt from the overtime requirements of the FLSA.")). IPS intends to argue specifically that named Plaintiffs are exempt from the requirements of the FLSA "either pursuant to the Executive Exemption or the exemption for Highly Compensated employees." (Def.'s Mot. Limited Stay, Dkt. 17, at 2). If that is the case, IPS argues, Plaintiffs' individual claims "should be dismissed" and "there would be no remaining Plaintiff and thus nobody to represent the proposed class," thereby requiring "full dismissal of the action." (*Id.*).

In order to file its intended motion for summary judgment, IPS requests "90 days to conduct issue-focused discovery to support presentation of the FLSA exemption issue." (Def.'s Mot. Limited Stay, Dkt. 17, at 2). IPS would agree that the statute of limitations for any potential opt-in claimants would toll during the stay. (*Id.* at 7 n.26).

In support of its motion, IPS argues that "[j]udicial economy supports this Court's granting of the requested stay" because, if named Plaintiffs are indeed exempt from the requirements of the FLSA, *Genesis Healthcare Corporation v. Symczyk* purportedly stands for the proposition that mooting and dismissing the claims of a named plaintiff, absent any putative class member opting in, moots the entire action. (Def.'s Mot. Limited Stay, Dkt. 17, at 2, 5 (citing *Genesis*, 133 S.Ct., at 1528)).

Though IPS aggregates cases in which courts deferred conditional certification pending their determination of dispositive motions, (*see id.* at 6 n.21), those cases are not applicable here. *Symczyk* is not applicable because, in that case, the Supreme Court entertained a scenario in which the named plaintiff's claims were *already* satisfied by an unresponded-to offer of judgment before putative class members had received notice and opted in. *Symczyk*, 133 S.Ct., at 1527 ("The District Court found that it was undisputed that no other individuals had joined respondent's suit and that the Rule 68 offer of judgment fully satisfied her individual claim."). The question was whether a named plaintiff had standing to litigate an uncertified collective action with no opt-in plaintiffs notwithstanding the complete resolution of her own case or controversy. That question is not at issue here. As of the issuance of this order, there are three named plaintiffs whose claims have not been satisfied. Even if IPS intends to argue that those plaintiffs were exempt from the FLSA, Plaintiffs currently have standing to proceed.

The other cases IPS cites are not binding on this Court, and they involve facts that are not at issue here. The Court will not address each case cited individually, because those cases did not involve a yet-to-be-filed dispositive motion that targeted individual – rather than classwide – claims. In *Lewis v. Nevada Property 1, LLC*, the only case IPS discusses at length, the District of Nevada chose to assess a

4

motion for summary judgment prior to ruling on conditional certification. (*Id.* at 6 (citing *Lewis*, 2013 WL 237098, at *12 (D. Nev. Jan. 22, 2013)). The court chose to so exercise its discretion because the question presented – whether to calculate lunch stipends as compensation for purposes of calculating overtime under the FLSA – affected named plaintiffs and potential opt-in class members alike. *See Lewis*, 2013 WL 237098, at *12 (noting that a decision on the compensation issue in defendant's favor would end the lawsuit for all hourly, nonexempt employees). In other words, resolution of the issue could dispose of the whole case. IPS's contention, by contrast, is limited to named Plaintiffs' claims and does not resolve all potential class members' claims as a matter of law.

Further, IPS has not shown that a stay is warranted. First, IPS has not shown that the need for ninety days of discovery before filing a motion for summary judgment. Presumably IPS – as Plaintiffs' employer – possesses all of the information about Plaintiffs' job duties and salaries it needs to argue the applicability of FLSA exemptions.[1] Second, the issue at the notice stage of collective action certification is whether putative class members' claims are sufficiently similar to merit sending notice. *Acevedo*, 600 F.3d, at 519.  IPS does not argue that it lacks the information necessary to brief conditional certification, or that the Court lacks the information necessary to make a determination. In other words, there is no need to deviate from the order in which courts typically process FLSA cases, or assess the pleadings outside the order in which they were in fact filed before this Court.

Accordingly, IPS's Motion for Limited Stay (Dkt. 17) is denied. The Court will assess Plaintiffs' motion for conditional certification on the pleadings.

**b. Conditional Certification**

Plaintiffs have moved for conditional certification, seeking to certify a class of

---

[1] IPS seems to have that information readily available, as it provides details about Plaintiffs Gronefeld and Headrick's salaries during the period at issue here. (*See* Def.'s Resp. in Opposition to Mot. Cond. Certification, Dkt. 16, at 11).

> *All of Defendant's former and current Equipment Operators and/or Field Supervisors (or similar positions) who worked at any time after January 20, 2013.*

(Pls.' Second Mot. Cond. Certification, Dkt. 12, at 2). In support of their motion, Plaintiffs submit a memorandum and legal briefing and the declarations of two named Plaintiffs – John Gronefeld, a former Equipment Operator and Field Supervisor at IPS, and Michael Headrick, a Field Supervisor. (*See generally* Dkts. 12-5, 12-6). According to Plaintiffs, they and putative class members "share the same titles, performed the same job duties, and were subject to the same expectations;" their job duties "were the same in all of the locations where they worked;" and they "are similarly situated with respect to pay." (Pls.' Second Mot. Cond. Certification, Dkt. 12, at 8 – 9). The pay scheme was due to IPS's "company-wide policy of classifying its Equipment Operators and Field Supervisors as exempt and paying them a salary for all hours worked." (*Id.* at 8).

IPS rejects Plaintiffs' proposed class. First, IPS maintains that there is no such position as "Equipment Operator." (Def.'s Resp. to Pl.'s Mot. Cond. Certification, Dkt. 16, at 2 n.1). IPS maintains, further, that, if such a position exists, it should be excluded from the certified class because named Plaintiffs "did not serve as Equipment Operators during the relevant time period." (*Id.* at 11). Second, IPS maintains that "misclassification cases" – cases in which employees allege they were wrongly classified by their employer for purposes of determining their rights under the FLSA – are inappropriate for conditional certification, because they "require highly individualized analyses that are neither efficient nor manageable." (*Id.* at 7). Third, IPS argues that the Court should limit the geographic scope of the class conditionally certified to employees at those sites where named Plaintiffs worked. (*Id.* at 13). According to IPS, "Plaintiffs only claim they worked in Texas;" "presented no specific evidence based on personal knowledge regarding pay in other districts;" and have otherwise failed to show the existence of a companywide policy. (*Id.*).

First, IPS maintains that there is no such position as "Equipment Operator." (Def.'s Resp. to Pl.'s Mot. Cond. Certification, Dkt. 16, at 2 n.1). IPS maintains, further, that, if such a position exists, it should

be excluded from the certified class because named Plaintiffs "did not serve as Equipment Operators during the relevant time period." (*Id.* at 11).  Courts do not resolve factual disputes or decide merits issues at the conditional certification stage. *See Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510 (W.D. Tex. Aug. 27, 2015) (noting that courts evaluate the merits of class certification at the second stage of the *Lusardi* inquiry). Through this lens, IPS's disagreement with Plaintiffs about whether the position of "Equipment Operator" exists is a factual dispute better resolved based on documents produced and the credibility of witnesses. Further, IPS's assertion that in any event none of the named Plaintiffs were Equipment Operators avoids the question at this stage – whether, to the extent named Plaintiffs were not Equipment Operators, there are legally relevant distinctions between Equipment Operators and the other members of the putative class.

Second, IPS maintains that "misclassification cases" are inappropriate for conditional certification because they "require highly individualized analyses that are neither efficient nor manageable." (Def.'s Resp. to Pl.'s Mot. Cond. Certification, Dkt. 16, at 7). IPS's general criticism of certification in misclassification cases similarly circumvents the question before the Court. So, too, does IPS's third contention, that the Court should limit the geographic scope of the conditionally certified class to include only employees from the sites at which named Plaintiffs worked.

At the notice-stage under *Lusardi*, a plaintiff need only provide substantial allegations that class members were victims of a single decision, policy or plan. *Mooney*, 54 F.3d at 1214 n.8; *Pedigo v. 3003 S. Lamar*, LLP, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009). The issue at this stage is not whether there are dissimilarities between class members, but whether those differences will prevent the Court from adjudicating the case in a collective fashion. Indeed, the procedure for conditionally certifying a class anticipates uncertainty and accommodates the differences between class members unearthed through discovery.  *Mooney*, 54 F.3d at 1214.  According to Plaintiffs, they and putative class members "share the same titles, performed the same job duties, and were subject to the same expectations;" their job

duties "were the same in all of the locations where they worked;" and they "are similarly situated with respect to pay." (Pls.' Second Mot. Cond. Certification, Dkt. 12, at 8 – 9). The pay scheme was due to IPS's "company-wide policy of classifying its Equipment Operators and Field Supervisors as exempt and paying them a salary for all hours worked." (*Id.* at 8). The declarations substantiate these allegations. Mr. Gronefeld "was always classified as a salaried employee and was not paid any overtime wages" despite working "at various well sites in Texas." (Gronefeld Decl., Dkt. 12-5, ¶ 6 – 7). He "performed jobs with different Equipment Operators, Supervisors and Field Supervisors for a variety of customers" and the positions "were essentially the same at all locations." (*Id.* ¶¶ 7-8). Indeed, what is telling is not – as IPS argues – that Plaintiffs do not have access to the documentary evidence substantiating a companywide compensation scheme; what is telling is that IPS has not come forward to challenge Plaintiffs' allegations. In short, Plaintiffs have "substantial[ly] alleg[ed] that class members were victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214 n.8.

These allegations suffice to support notice at this stage. *Cf., e.g.*, *Pacheco v. Aldeeb*, No. 5:14-CV-121-DAE, 2015 WL 1509570, at *6 (W.D. Tex. Mar. 31, 2015) (holding that for class members to be similarly situated they must be subject to common pay provisions and have similar job requirements). However, the Court will alter the class definition proposed by Plaintiffs. Plaintiffs propose a class including "All of Defendant's former and current Equipment Operators and/or Field Supervisors (or similar positions) who worked at any time after January 20, 2013." The Court conditionally certifies the class omitting Plaintiffs' parenthetical "(or similar positions)." Certifying a class of, to paraphrase, "plaintiff and similarly situated employees" is circular, and does not rise even to the level of satisfying the first stage of the *Lusardi* inquiry. Accordingly, the Court conditionally certifies a class of:

> *All of Defendant's former and current Equipment Operators and/or Field Supervisors who worked at any time after January 20, 2013*.

To the extent these allegations do not conform with the evidence ultimately produced in discovery, dissimilarities can be addressed at the second stage of the *Lusardi* inquiry. *See, e.g.*, *Mooney*, 54 F.3d at 1214.

  c.  **Notice**

Conditional certification permits the plaintiff to "send[ ] [a] court-approved written notice to employees, who in turn become parties to [the] collective action only by filing written consent with the court." *Symczyk*, 133 S. Ct., at 1527 (citations omitted). Notice is crucial to the remedial aims of the FLSA. *See Hoffman-La Roche, Inc.*, 493 U.S. at 171 (emphasizing the "wisdom and necessity" of notice in the early stages of collective litigation). Notice is particularly important for FLSA collective actions as potential plaintiffs' statutes of limitations continue to run unless and until a plaintiff "gives his consent in writing to become a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).  This Court will thus allow notice insofar as it reasonably facilitates the FLSA's remedial purposes.

Plaintiffs seek "(90) days to locate and effectively send notice to class members," (Pls.' Second Mot. Cond. Certification, Dkt. 12, 12); to distribute Notice and Consent to Join forms, (Dkts. 12-1, 12-2), and to distribute Plaintiffs' First Amended and Substituted Complaint, (*id.* at 12, 16); a Court order requiring Defendant to post the notice "at the district offices in the same areas in which it is required to post government-required notices," (*id.* at 12); to be permitted to provide putative class members with notice via email, (*id.* at 12 – 16);  and to send "a follow-up *Postcard* via regular U.S. Mail and a follow-up email to any class members who have not responded thirty (30) days after the mailing of the initial notice," (*id.* at 17 (*referencing* Postcard, Dkt. 12-3). In order to facilitate the issuing of notice, Plaintiffs ask the Court to order Defendants to provide names, addresses, and email addresses for "each and every potential plaintiff employed by Defendant at any time after January 20, 2013," and to order

Defendant to provide "dates of birth and partial social security numbers for any class members whose [United States Postal Service]-mailed Notice is returned as undeliverable." (*Id.* at 17 – 18).

IPS argues a sixty day notice period is more appropriate, (Def.'s Resp. in Opposition to Mot. Cond. Certification, Dkt. 16, at 14); that "Plaintiffs' request to send a reminder notice should be rejected" as "an attempt by the Plaintiffs to persuade people to join the lawsuit," (*id.* at 15); that Plaintiffs have not established a need for email notice, (*id.* at 16); that Plaintiffs' should not be allowed to attach their Complaint with the notice, as the Complaint is a "persuasive document containing a narrative description of Plaintiffs' claims," (*id.* at 17); that posting notice at IPS's work sites is unnecessary, "drum[s] up" litigation, and "suggest[] that the Defendant endorses the lawsuit," (*id.* at 18); that the production of dates of birth or partial social security numbers violates privacy, (*id.*); that the notice form itself is objectionable, (*id.* at 19); that the relevant date for notice should be the date of the Court's granting conditional certification, rather than the date the named Plaintiffs filed suit, (*id.*); that the notice should not refer to Equipment Operators, (*id.*); and that the notice should apprise plaintiffs that "opt-ins may be liable for taxable court cots [sic] if they do not prevail," (*id.* at 20).

First, the Court finds that a sixty day notice period is sufficient to notify putative class members of their right to opt in. Though ninety day notice periods are not unprecedented, *see Bridgewater v. GES Gladiator Energy Services Texas*, Cause No. 5:15-CV-975-RP (W.D. Tex. Dec. 22, 2015), sixty day periods are common in this district and Plaintiffs have not shown any need for additional time. *See, e.g.*, *McCloud v. McClinton Energy Group, LLC*, 2015 WL 737024, at *10 (W.D. Tex. Feb. 20, 2015) ("[M]ost courts appear to default to a notice period of 60 days, unless potential plaintiffs are difficult to contact because of their location or other extenuating factors warrant additional time."). Absent circumstances justifying a longer notice period, the Court finds that parties and opt-in plaintiffs are likely better served by expeditious notice and the steady progress of this litigation.

Second, Plaintiffs may provide notice via email. Numerous courts have found that notice via email is appropriate in FLSA collective actions. *E.g.*, *Jones v. JGC Dallas LLC*, 3:11-CV-2743, 2012 WL 6928101, at *5 n.9 (N.D. Tex. Nov. 29, 2012). As this Court said in *Rodriguez v. Stage 3 Separation, LLC*, "[e]mail is not the wave of the future; [it] is the wave of the last decade and a half," and it is particularly important in a case such as this one, involving employees who may be working away from home. 5:14-CV-603-RP, at 2 n.1 (W.D. Tex. Mar. 16, 2015). Of course, Defendant cannot be ordered to produce information it does not have in its possession. Defendant is ordered, however, to produce all email addresses for current and former employees it does possess.

The Court does not, however, grant Plaintiffs the authority to send a copy of the Complaint alongside the Notice sent to potential class members. The Notice and Consent to Join forms are sufficiently clear to apprise potential opt-in plaintiffs about the nature of the case and their rights. An attached complaint would be unnecessary and might be prejudicial, as potential opt-in plaintiffs may be unfamiliar with the requirements and limitations of notice pleading and presume that facts or legal claims in the complaint are uncontroverted facts.

Third, the Court orders IPS to post the Court-approved Notice at the district offices in the same areas in which it posts government-required notices. This Court has approved such postings in the past, *see Bridgewater*, Cause No. 5:15-CV-975-RP, and IPS does not substantiate its claims that such notice "drum[s] up" litigation or otherwise "suggest[s] that [it] endorses the lawsuit," (Def.'s Resp. in Opposition to Mot. Cond. Certification, Dkt. 16, at 18). Indeed, the Notice proposed by Plaintiffs is quite clear that "[IPS] asserts that it complied with the law and that it properly compensated all of its employees for time worked." (Notice of Right to Join Lawsuit, Dkt. 12-1, at 1).

Fourth, the Court approves the sending of identical reminder notices. "'District courts are split as to whether reminder notices to potential class members are proper in FLSA actions.'" *Graham v. Jet Specialty, Inc.*, 2016 WL 154846, at *8 (W.D. Tex. Jan. 11, 2016) (quoting *Jones v. Cretic Energy Servs.*,

*LLC,* 2015 WL 8489978, at *10 (W.D. Tex. Dec. 9, 2015)). This Court, however, like other courts in this District, has allowed plaintiffs to send identical reminder notices. *E.g.*, *Dyson*, 308 F.R.D. at 516 – 17. Beyond asserting that a reminder notice is unnecessary, Defendant has offered the Court no justification for deviating from Plaintiff's proffered precedent for sending reminder notices. Accordingly, Plaintiff's request for reminder notice is granted as targeted reminders facilitate the remedial purposes of the FLSA.

Fifth, Notice should be sent to all Equipment Operators and Field Supervisors who are or were employed by IPS at any time after January 20, 2013. Though IPS maintains the date of conditional certification, rather than the date of filing suit, should govern the scope of notification, the Court is persuaded by Plaintiffs that it is in line with the remedial purposes of the FLSA to cast a wider net. The consequences of sending notice to too few potential plaintiffs are high, as the FLSA's statute of limitations continues to run on each individual's claim until they file their written consent to join the collective action with the court. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). By contrast, the consequences of sending notice to too many potential plaintiffs can be remedied – a class may be decertified, or individual claims can be foreclosed by the statute of limitations. *See Mooney*, 54 F.3d at 1214.

To facilitate notice, IPS must provide names, addresses, and email addresses for every potential plaintiff employed by at any time after January 20, 2013, and provide dates of birth and partial social security numbers for any class members whose United States Postal Service-mailed notice is returned as undeliverable. IPS maintains the latter – provision of dates of birth and partial social security numbers – is "pre-mature as there has been no showing that the notice is insufficient or that less intrusive means for obtaining notice . . . is not available." (Def.'s Resp. in Opposition to Mot. Cond. Certification, Dkt. 16, at 18). However, such information will only be provided if it is necessary – that is, if potential plaintiffs

12

could not otherwise be located. It is a reasonable solution to a foreseeable problem, and there is no need to require additional briefing on the propriety of birthdates and partial social security numbers if the need for such arises during the notice period.

Finally, IPS objects to the form of notice. First, IPS objects to the inclusion of the caption of the lawsuit on the notice form because it "implies judicial approval of both the lawsuit and the right to join the lawsuit." (*Id.* at 19). The Court finds that there is no risk of prejudice from including the case caption on the notice form. The case caption merely signifies that there is, in fact, ongoing litigation. Any insinuation that the Court endorses Plaintiffs' claims is contradicted by the express wording of the Notice, which states "[t]he Court has not ruled on or decided any of the issues, including the merits of the claims or defenses." (Notice of Right to Join Lawsuit, Dkt. 12-1, at 1). Second, IPS objects to the time frame stated in the notice form – addressed to employees employed "at any time after January 20, 2013," (*id.* at 1) – arguing that the date should be stricken. Because the Court has found that the January 20, 2013 date is appropriate for the provision of notice, the Court rejects IPS's objection. Third, IPS objects to the inclusion of "Equipment Operators" as addressees for notice. Because the Court has addressed this argument and found that Equipment Operators may be included in the putative class, the Court rejects this objection. Fourth, IPS asks that the notice advise plaintiffs of their liability for costs. The Court declines to do so. Potential liability for costs will arise only if Plaintiffs' claims are not meritorious, and the Court has no information as to how Plaintiffs' counsel or the class as a whole will pay costs should costs be necessary and appropriate. Instead, notifying potential plaintiffs that they may puts a thumb on the scale of discouraging opting in. The Court declines to do so.

## **CONCLUSION**

Accordingly, Plaintiffs' Motion for Conditional Certification is GRANTED. The Court conditionally certifies a class of

> All of Defendant's former and current Equipment Operators and/or Field Supervisors who worked at any time after January 20, 2013.

The Court ORDERS IPS to provide Plaintiffs with a list in electronic format of the names and last known physical and email addresses within fourteen days of this Order. The Court FURTHER ORDERS IPS to provide Plaintiffs the dates of birth and partial social security numbers of those potential class members whose United States Postal Service-mailed notice is returned as undeliverable within seven days of such a request by Plaintiffs.

Upon receipt of the names by Plaintiffs, Plaintiffs may send to potential class members the Court-approved notice of this action with a date-specific deadline for opting in that is sixty days from the date of the mailing of the notices by email and regular mail.

The Court FURTHER ORDERS IPS to post the Court-approved notice at the district offices in the same areas in which it is required to post government-required notices.

Plaintiffs may send a follow-up Postcard via regular United States Mail to any class members who have not responded thirty days after the mailing of the initial court-approved notice.

**SIGNED** on April 26, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE